HEIRS OF BACHIER, PLAINTIFFS AND APPELLANTS, *v.* WORKMEN'S RELIEF COMMISSION, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Guayama in an Action for Indemnity.

No. 3433.—Decided February 26, 1925.

WORKMEN'S INDEMNITY—ACTION FOR INJURIES—EXTINGUISHMENT BY DEATH—SUBSTITUTION OF HEIRS.—An action by a workman for injuries received is independent of an action by his heirs for his death under section 3 of the Workmen's Compensation Act, as amended by Act No. 61 of 1921, and the heirs can not be substituted for their ancestor in an action brought by him and extinguished by his death.

The facts are stated in the opinion.

*Mr. M. A. Martínez Dávila* for the appellants.

*The Attorney General and Messrs. J. J. Acosta* and *C. Llauger* for the appellee.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

Jesús Bachier petitioned the Workmen's Relief Commission for indemnity for a certain accident sustained by him while working as a mechanic in the Lafayette Central belonging to Successors of C. & J. Fantauzzi. The petition was denied on the ground that the injuries received by the petitioner did not result from the work that he was doing. The petitioner appealed to the District Court of Guayama, but during the pendency of the appeal he died and on motion of his heirs they were substituted for their ancestor in the proceedings.

The case was heard on its merits, but the lower court, on its own motion, dismissed the appeal, holding that the right of petitioner Jesús Bachier was extinguished by his death and that his heirs and successors could not revive that right by a substitution of parties.

Subdivisions 1, 2, 3 and 4 of section 3 of the Workmen's Accident Compensation Act, as amended by Act No. 61 of July 14, 1921, provide that every injured laborer shall be entitled to a certain compensation according to the transitory character of the injury or his partial or total disability, and subdivision 5 provides that if the laborer loses his life as a result of the injuries sustained, death occurring within one year from the time of the accident, the persons or beneficiaries therein mentioned, who were reasonably dependent on his earnings for their support, shall be entitled to the compensation determined by the said act.

In the first place the purpose of the law was to provide injured laborers with the means of subsistence in lieu of the wages that they failed to receive during their disability, whether temporary or permanent, as a result of such injuries. That is a personal action of the laborer and is ex-

tinguished by his death. In relation to this right of the laborer the authorities discuss whether what the laborer receives during his life should be collated with the amount of compensation to be received by the beneficiaries or dependents in consequence of his death, or whether the laborer may compromise while alive in such a manner as to estop his beneficiaries from bringing an action for his subsequent death. The authorities seem unanimous in holding that the laborer can not compromise regarding the future rights of his beneficiaries by reason of his death, but, although these questions need not be considered in this appeal, it clearly appears from said section 3 and otherwise that the law provides for two separate and independent actions without reciprocal interest between the parties really interested and, therefore, the rights of the beneficiaries do not accrue until the death of the laborer, and in that event the action is barred by our statute after one year from the time of his death.

The law of Massachusetts is very similar to ours and the Supreme Court of that State, referring to the point raised in this case, has expressed itself as follows:

"We are of opinion, however, that the right to an order for the future payment of this special compensation ceases with the death of the person injured. It is a right peculiar to himself, not created for the benefit of his dependents. It is a part of the scheme for special compensation provided by sections 9, 10, and 11 of part 2 of the act. By section 9, provision was made for special compensation for a period of total incapacity for work; by section 10, compensation was fixed for a period of partial incapacity; by section 11, as amended by the act of 1913, additional compensation is given for the total or partial loss or incapacity of certain members of the body. All of these provisions seem to have been made for the personal relief of the injured employé, his dependents being provided for by the compensation to be made for his death. The special compensation takes the place of the wages which but for the injury the employé might have earned. As was pointed out by the Industrial Accident Board in its decision, there is nothing in the language of the act which authorizes the ordering of these special pay-

ments for a time after the death of the employé, nor is such a construction required by its phraseology or its apparent purpose. If this were not so, the amounts to be paid to his dependents would be increased proportionally to the quickness with which his death followed the incurring of his incapacity, although these payments were manifestly intended to make up for the loss of his own earning capacity. In our opinion the ruling that this specific compensation should be allowed only during the lifetime of the injured employé was correct." *In re Burns*, 105 N. E. 601, 603.

Therefore, the lower court properly dismissed the complaint and its judgment must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.